## DAVID MOORES v. D. G. WIRE.

By the Act of 1844, the legislature intended to afford protection to the sub-contractor, or workman, or the furnisher of materials, against payments made in anticipation: and, under that statute, the delivery of the attested account fixes the rights of the parties at time of the delivery.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Collins*, for plaintiff. *Benjamin & Micou* and *F. Haynes*, for defendant and appellant.

VOORHIES, J. On the 20th of July, 1851, *C. J. Miller* contracted with the defendant for the erection of a two story brick kitchen and other work, according to specifications and plans annexed to their contract, and obligating himself to furnish all the materials and labor necessary to complete the same in a workmanlike manner. The price stipulated for this work was $2000, payable in the following proportions, viz: 1st. $850 when all the brick walls shall have been completed. 2d. $500 when the whole of the work contracted for shall have been finished and the keys delivered. 3d. $650 in three months after date of delivery of said *buildings*, to be secured by a note of hand of that amount payable, &c." On the 15th of August, 1851, the undertaker received the full amount of the first instalment under this contract, and then abandoned the work and absconded.

The plaintiff furnished materials to the undertaker for the building to the amount of $509 73, an attested account of which was duly served on the defendant on the 23d of August, 1851.

The question presented in this case is, whether the payment to the undertaker was premature, or made in anticipation.

After a careful examination, it appears to us that under the terms of the contract, which are clear and explicit, the completion of all the brick walls was essential to entitle the undertaker to the payment. The evidence shows, that such was not the case.

In a recent case, we had occasion to express an opinion as to the construction of the Act of 1844, on which the present action is founded. The principal object which the legislature had in view, in the enactment of that law, was to afford protection to the sub-contractor or workman, or the furnisher of materials, against payments made in anticipation. "The delivery of the attested account fixes the rights of the parties at the time of such delivery." Had the undertaker, in this case, done or completed the work or buildings, before the delivery of the attested account, it is obvious that the defendant would not have incurred any liability to the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.